IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED

NOV 18 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

# 17497

**MOUNTAIN AMERICA, LLC,**
**GREENTREE, LLC, JONATHAN**
**E. HALPERIN, ROBERT CHAMBERLAND,**
and **LINDA SHOUPE**,

        Plaintiffs,

v.

                                      Civil Action No. 5:02- *1:05-0918*
                                      (Hon. _____District Judge)

**DANIEL BERG**,

        Defendant.

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA:**

    Removing party, defendant Daniel Berg, by the undersigned attorney, respectfully shows this Court:

1.    Removing party is the defendant in the above-entitled action.

2.    On October 6, 2005 a motion for temporary restraining order was filed against removing party in the Circuit Court of Monroe County, West Virginia, and is pending in that state court. No complaint stating claims in that proceeding was filed or served then, and no complaint stating claims in that proceeding was or has been filed or served since that time. The papers filed in that proceeding are attached hereto.

3.    The amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as more fully appears in plaintiffs' Petition for Contempt and Motion for Modification of Temporary Restraining Order, a copy of which is filed with this Notice and made a part

hereof.

4.    This action became removable pursuant to 28 U.S.C. § 1332 and 1441 either on October

25, 2005, or November 7, 2005.

5.    On October 25, 2005, plaintiffs served their "Petition for Contempt and Motion for

Modification of Temporary Restraining Order" on removing party, for the first time

asserting the amount in controversy therein set forth exceeded $75,000.00. *Inter alia,*

plaintiffs therein alleged: "That the defendant has repeatedly attempted to impede real

estate closings for over $1,000,000.00 of previously contracted company land sales[.]" *Id.*

at 4. And as part of the relief plaintiffs requested, "that Plaintiff Jonathan Halperin be

permitted to singularly close land sales on behalf of the company." *Id.* at 6.

6.    On November 7, 2005, plaintiffs asserted a "claim," asserting for the first time in their

"Plaintiffs' Opposition to Defendant's Motion to Strike Supplemental Petition for

Contempt, and Plaintiffs' Opposition to Defendant's Motion to Seal", that the companies'

participation in the proceeding was pursuant to West Virginia and Maryland statutory law

that allows derivative actions by "members" and asserted the source of their authority to

bring a derivative action was a statutory right "to enforce a right of the limited liability

company to recover a judgment in its favor[.]"

7.    The above-entitled action involves citizens of different states, in that, at the time of the

filing of the motion for temporary restraining order in the circuit court of Monroe County,

West Virginia, and since that time, the principal place of business of both plaintiffs

Mountain America, LLC, Greentree, LLC, was County of Monroe, State of West Virginia

where they were authorized to do business, and plaintiffs' Linda Shoupe and Robert

2

Chamberland were and still are citizens and residents of County of Monroe, State of West Virginia, and plaintiff Jonathan Halperin was and still is a citizen and resident of the District of Columbia; and the defendant was and still is a resident and citizen of County of San Diego, State of California.

8.     The Court therefore has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and, since Daniel Berg is not a citizen or resident of the State of West Virginia, wherein the above-entitled action is pending, removal of this action to this court is proper pursuant to 28 U.S.C. § 1441(a) and 1441(b).

Respectfully submitted,
**DANIEL BERG**, Defendant,
–By Counsel–

_____
Rudolph L. DiTrapano, Esq. (W. Va. Bar ID #1024)
Sean P. McGinley, Esq. (W. Va. Bar ID #5836)
Richard S. Han, Esq. (W. Va. Bar ID #7101)
Lonnie C. Simmons (W. Va. Bar ID #3406)
**DITRAPANO, BARRETT & DIPIERO, PLLC**
604 Virginia Street, East
Charleston, West Virginia 25301
(304) 342-0133

-and-

Carl J. Roncaglione, Esq., Jr.
Attorney at Law
Suite 401, Kanawha Tower
1018 Kanawha Blvd. East
Charleston, WV 25301

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MOUNTAIN AMERICA, LLC,
GREENTREE, LLC, JONATHAN
E. HALPERIN, ROBERT CHAMBERLAND**,
and **LINDA SHOUPE**,

       Plaintiffs,

v.                                   Civil Action No.  2:05-_____

**DANIEL BERG**,

       Defendant.

### CERTIFICATE OF SERVICE

    I, Rudolph L.  DiTrapano, counsel for Defendant, do hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served this 18th day of **November, 2005**, to opposing counsel via hand delivery at the following address:

          Joanna I. Tabit, Esq.
          Scott E. Johnson, Esq.
          **STEPTOE & JOHNSON, PLLC**
          707 Virginia Street, East
          Charleston, WV 25301

and via US Mail to:

          Jeffry A. Pritt, Esq.
          Main Street
          Union, WV  24983

                                     _____
                                     Rudolph L.  DiTrapano, Esq.

IN THE CIRCUIT COURT OF MONROE COUNTY, WEST VIRGINIA

**MOUNTAIN AMERICA, LLC,**
**GREENTREE, LLC, JONATHAN**
**E. HALPERIN, ROBERT CHAMBERLAND,**
and **LINDA SHOUPE,**

        Plaintiffs,

v.
                            Civil Action No.  05-C-82
                            (Hon.  Robert A.  Irons, Chief Judge)

**DANIEL BERG,**

        Defendant.

### NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), defendant Daniel Berg gives Notice to the Circuit Court

of Monroe County, West Virginia, and to jeffry Pritt, Joanna Tabit and Scott Johnson, attorneys

for Jonathan Halperin, Mountain America, LLC, Greentree, LLC, Linda Shoupe and Robert

Chamberland, that defendant has filed a Notice of Removal, removing the above-captioned action

to the United States District Court for the Southern District of West Virginia.  A copy of the

Notice of removal is attached to this Notice.

                                  Respectfully submitted,
                                **DANIEL BERG**, Defendant,
                                –By Counsel–

Rudolph L. DiTrapano, Esq. (W. Va. Bar ID #1024)
Sean P. McGinley, Esq. (W. Va. Bar ID #5836)
Richard S. Han, Esq. (W. Va. Bar ID #7101)
Lonnie C. Simmons (W. Va. Bar ID #3406)
**DiTrapano, Barrett & DiPiero, PLLC**
604 Virginia Street, East
Charleston, West Virginia 25301
(304) 342-0133

-and-

Carl J. Roncaglione, Esq., Jr.
Attorney at Law
Suite 401, Kanawha Tower
1018 Kanawha Blvd. East
Charleston, WV 25301

2

IN THE CIRCUIT COURT OF MONROE COUNTY, WEST VIRGINIA

**MOUNTAIN AMERICA, LLC,**
**GREENTREE, LLC, JONATHAN**
**E. HALPERIN, ROBERT CHAMBERLAND,**
and **LINDA SHOUPE,**

      Plaintiffs,

v.

                                                     Civil Action No. 05-C-82
                                                     (Hon. Robert A. Irons, Chief Judge)

**DANIEL BERG,**

      Defendant.

## CERTIFICATE OF SERVICE

    I, Rudolph L. DiTrapano, attorney for removing party Daniel Berg, certify that on November 18, 2005 a true and correct copy of the foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL,** together with a copy of the **NOTICE OF REMOVAL,** was served today on the office of Julia L. Light, Clerk of the Circuit Court of Monroe County, West Virginia, at the Monroe County Courthouse, PO Box 350, Union, West Virginia, 24983, and also served on opposing counsel via hand delivery at the following address:

        Joanna I. Tabit, Esq.
        Scott E. Johnson, Esq.
        **STEPTOE & JOHNSON, PLLC**
        707 Virginia Street, East
        Charleston, WV 25301

and via US Mail to:

        Jeffry A. Pritt, Esq.
        PO Box 708
        Union, WV  24983

                                Rudolph L. DiTrapano, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MOUNTAIN AMERICA, LLC,**
**GREENTREE, LLC, JONATHAN**
**E. HALPERIN, ROBERT CHAMBERLAND,**
and **LINDA SHOUPE,**

        Plaintiffs,

v.

                             Civil Action No. 5:02-_____
                             (Hon. _____District Judge)

**DANIEL BERG,**

        Defendant.

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**:

        Removing party, defendant Daniel Berg, by the undersigned attorney, respectfully shows

this Court:

1.     Removing party is the defendant in the above-entitled action.

2.     On October 6, 2005 a motion for temporary restraining order was filed against removing

        party in the Circuit Court of Monroe County, West Virginia, and is pending in that state

        court. No complaint stating claims in that proceeding was filed or served then, and no

        complaint stating claims in that proceeding was or has been filed or served since that time.

        The papers filed in that proceeding are attached hereto.

3.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as more

        fully appears in plaintiffs' Petition for Contempt and Motion for Modification of

        Temporary Restraining Order, a copy of which is filed with this Notice and made a part

hereof.

4. This action became removable pursuant to 28 U.S.C. § 1332 and 1441 either on October

25, 2005, or November 7, 2005.

5. On October 25, 2005, plaintiffs served their "Petition for Contempt and Motion for

Modification of Temporary Restraining Order" on removing party, for the first time

asserting the amount in controversy therein set forth exceeded $75,000.00. *Inter alia,*

plaintiffs therein alleged: "That the defendant has repeatedly attempted to impede real

estate closings for over $1,000,000.00 of previously contracted company land sales[.]" *Id.*

at 4.  And as part of the relief plaintiffs requested, "that Plaintiff Jonathan Halperin be

permitted to singularly close land sales on behalf of the company." *Id.*  at 6.

6. On November 7, 2005, plaintiffs asserted a "claim," asserting for the first time in their

"Plaintiffs' Opposition to Defendant's Motion to Strike Supplemental Petition for

Contempt, and Plaintiffs' Opposition to Defendant's Motion to Seal", that the companies'

participation in the proceeding was pursuant to West Virginia and Maryland statutory law

that allows derivative actions by "members" and asserted the source of their authority to

bring a derivative action was a statutory right "to enforce a right of the limited liability

company to recover a judgment in its favor[.]"

7. The above-entitled action involves citizens of different states, in that, at the time of the

filing of the motion for temporary restraining order in the circuit court of Monroe County,

West Virginia, and since that time, the principal place of business of both plaintiffs

Mountain America, LLC, Greentree, LLC, was County of Monroe, State of West Virginia

where they were authorized to do business, and plaintiffs' Linda Shoupe and Robert

2

Chamberland were and still are citizens and residents of County of Monroe, State of West

Virginia, and plaintiff Jonathan Halperin was and still is a citizen and resident of the

District of Columbia; and the defendant was and still is a resident and citizen of County of

San Diego, State of California.

8.    The Court therefore has original jurisdiction of the above-entitled action pursuant to 28

U.S.C. § 1332, and, since Daniel Berg is not a citizen or resident of the State of West

Virginia, wherein the above-entitled action is pending, removal of this action to this court

is proper pursuant to 28 U.S.C. § 1441(a) and 1441(b).

Respectfully submitted,
**DANIEL BERG**, Defendant,
 —By Counsel—

Rudolph L. DiTrapano, Esq. (W. Va. Bar ID #1024)
Sean P. McGinley, Esq. (W. Va. Bar ID #5836)
Richard S. Han, Esq. (W. Va. Bar ID #7101)
Lonnie C. Simmons (W. Va. Bar ID #3406)
**DITRAPANO, BARRETT & DIPIERO, PLLC**
604 Virginia Street, East
Charleston, West Virginia 25301
(304) 342-0133

-and-

Carl J. Roncaglione, Esq., Jr.
Attorney at Law
Suite 401, Kanawha Tower
1018 Kanawha Blvd. East
Charleston, WV 25301

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MOUNTAIN AMERICA, LLC,**
**GREENTREE, LLC, JONATHAN**
**E. HALPERIN, ROBERT CHAMBERLAND,**
and **LINDA SHOUPE,**

      Plaintiffs,

v.                                   Civil Action No.  2:05-_____

**DANIEL BERG,**

      Defendant.

### CERTIFICATE OF SERVICE

I, Rudolph L.  DiTrapano, counsel for Defendant, do hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served this 18th day of **November, 2005,** to opposing counsel via hand delivery at the following address:

      Joanna I. Tabit, Esq.
      Scott E. Johnson, Esq.
      STEPTOE & JOHNSON, PLLC
      707 Virginia Street, East
      Charleston, WV 25301

and via US Mail to:

      Jeffry A. Pritt, Esq.
      Main Street
      Union, WV  24983

                        Rudolph L.  DiTrapano, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**MOUNTAIN AMERICA, LLC,**
**GREENTREE, LLC, JONATHAN**
**E. HALPERIN, ROBERT CHAMBERLAND,**
and **LINDA SHOUPE,**

      Plaintiffs,

v.

      Civil Action No. 05:2-_____
      (Hon. _____,District Judge)

**DANIEL BERG,**

      Defendant.

## CERTIFICATE OF SERVICE

    I, Rudolph L.  DiTrapano, attorney for defendant Daniel Berg, certify that on November 18, 2005 a true and correct copy of the foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL,** was served on opposing counsel via hand delivery at the following address:

      Joanna I. Tabit, Esq.
      Scott E. Johnson, Esq.
      **STEPTOE & JOHNSON, PLLC**
      707 Virginia Street, East
      Charleston, WV 25301

and via US Mail to:

      Jeffry A. Pritt, Esq.
      PO Box 708
      Union, WV  24983

      Rudolph L.  DiTrapano, Esq.

CASE 05-C-82

MOUNTAIN AMERICA, LLC, ET ALS  vs. DANIEL BERG, AKA DANIEL SCHONB

| LINE | DATE | ACTION |
|---|---|---|
| 1 | 10/06/05 | CASE FILED |
| 2 | 10/06/05 | BY FAX DOCUMENTS FILED. ORDER ENTERED, CIVIL ORDER BOOK 23, |
| 3 | | PAGE 483. RECEIPT FILED. TRANSCRIPT FILED. |
| 4 | 10/07/05 | "HARD" COPIES OF SUMMONS, NOTICE OF HEARING ON MOTION FOR TEM- |
| 5 | | PORARY RESTRAINING ORDER AND INJUNCTION, CONSOLIDATED MOTION FOR |
| 6 | | TEMPORARY RESTRAINING ORDER & INJUNCTION, (FAX COPY OF AFFIDAVIT |
| 7 | | IN SUPPORT OF MOTION INJUNCTION, MEMORANDUM OF LAW IN SUPPORT OF |
| 8 | | MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, CERTIFI- |
| 9 | | CATE OF SERVICE & LETTER FILED. |
| 10 | 10/12/05 | RECEIPT FILED FOR COPIES FOR BILL FRIEDMAN. |
| 11 | 10/13/05 | SERVICE PAPERS FOR DANIEL BERG RETURNED. SERVED IN PERSON ON |
| 12 | | 10/07/05. |
| 13 | 10/13/05 | SERVICE PAPERS FOR ROBERT MANN RETURNED. SERVED IN PERSO ON |
| 14 | | 10/13/05. |
| 15 | 10/19/05 | NOTICE OF DEPOSITION/LETTER FILED. |
| 16 | 10/20/05 | RECEIPT FILED. |
| 17 | 10/20/05 | RECEIPT FILED. |
| 18 | 10/21/05 | RECEIPT FILED. |
| 19 | 10/26/05 | PETITION FOR CONTEMPT AND MOTION FOR MODIFICATION OF TEMPORARY |
| 20 | | RESTRAINING ORDER, NOTICE OF APPEARANCE/LETTER FILED. |
| 21 | 10/27/05 | PERSONAL SERVICE 10/13/05 OF SUBPOENA TO RICHARD A. MILLER FILED |
| 22 | 10/27/05 | ORDER SUBSTITUTING COUNSEL ENTERED, CIVIL ORDER BOOK 23, PAGE |
| 23 | | 497. CERTIFIED COPY OF ORDER MAILED TO JOHN J. NESIUS, DITRAPANO |
| 24 | | BARRETT & DIPIERO, JEFFRY A. PRITT, DANIEL BERG AND TO JOANNA I. |
| 25 | | TABIT. |
| 26 | 11/01/05 | NOTICE OF HEARING/LETTER FILED. |
| 27 | 11/02/05 | TRANSCRIPT OF PROCEEDINGS HAD IN THE TELEPHONIC HEARING ON |
| 28 | | OCTOBER 14, 2005 FILED. ORDER MODIFYING RESTRAINING ORDER ENTER- |
| 29 | | ED, CIVIL ORDER BOOK 23, PAGE 509. |
| 30 | 11/03/05 | CERTIFIED COPY OF ORDER MAILED TO JOANNA I. TABIT, RUDOLPH L. |
| 31 | | DITRAPANO, DANNY BERG AND TO JEFFRY A. PRITT. |
| 32 | 11/03/05 | DOCKET SHEET FAXED TO LONNIE SIMMONS, ESQUIRE. |
| 33 | 11/03/05 | RECEIPT FILED. |
| 34 | 11/04/05 | SUPPLEMENTAL PETITION FOR COOOOOONTEMPT AND MOTION FOR MODIFICA- |
| 35 | | TION OF TEMPORARY RESTRAINING ORDER/EXHIBITS FILED. |
| 36 | 11/04/05 | NOTICE OF HEARING, DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO |
| 37 | | FILE A COMPLAINT, DEFENDANT'S MOTION TO DISMISS MOUNTAIN AMERICA |
| 38 | | LLC, AND GREENTREE, LL., DEFEDANT'S MOTION TO DENY PLAINTIFFS' |
| 39 | | MOTION FOR CONTEMPT AND MOTION FOR MODIFICATION OF TEMPORARY |
| 40 | | RESTRAINING ORDER (TRO) BECAUSE THE TRO IS OF NO LEGAL EFFECT |
| 41 | | AND OTHERWISE HAS EXPIRED, DEFENDANT'S MOTION TO DENY PLAINTIFFS |
| 42 | | MOTION FOR CONTEMPT AND MOTION FOR MODIFICATION OF TEMPORARY |
| 43 | | RESTRAINING ORDER RELATING TO EMPLOYMENT ISSUES RAISED BY |
| 44 | | PLAINTIFFS CHAMBERLAND AND SHOUPE AND RESPONSE TO MOTION FOR |
| 45 | | CONTEMPT, AND CROSS-MOTION FOR TEMPORARY RESTRAINING ORDER AND/ |
| 46 | | OR INJUNCTION AND FOR SPECIFIC PERFORMANCE AND/OR DECLARATORY |
| 47 | | JUDGMENT ALL FILED. |
| 48 | 11/07/05 | MOTION TO STRIKE SUPPLEMENTAL PETITION FOR CONTEMPT AND MOTION |
| 49 | | FOR MODIFICATION OF TEMPORARY RESTRAINING ORDER FILED BY PLAIN- |
| 50 | | TIFS AND MOTION TO SEAL/LETTER FILED. |
| 51 | 11/07/05 | PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SUPPLE- |
| 52 | | MENTAL PETITION FOR CONTEMPT, AND PLAINTIFFS OPPOSITION TO |
| 53 | | DEFENDANTS'S MOTION TO SEAL, PLAINTIFFS SUBMISSION IDENTIFYING |

| 54 | | FACTUAL ADMISSIONS SWORN TO BY DEFENDANT BERG REGARDING HIS OWN |
| 55 | | CONDUCT SINCE THE TIME OF THE COURT'S ENTRY OF THE MODIFIED |
| 56 | | TEMPORARY RESTRAINGING ORDER AND OPPOSITION OF PLAINTIFFS TO |
| 57 | | DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO FILE A COMPLAINT, |
| 58 | | DEFENDANT'S MOTION TO DISMISS MOUNTAIN AMERICA LLC AND GREEN- |
| 59 | | TREE LLC, AND DEFENDANT'S MOTION TO DENY PLAINTIFFS' MOTION FOR |
| 60 | | CONTEMPT AND MOTION FOR MODIFICATION OF TEMPORARY RESTRAINING |
| 61 | | ORDER (TRO) BECAUSE THE TRO IS OF NO LEGAL EFFECT AND OTHERWISE |
| 62 | | HAS EXPIRED, AND DEFENDANT'S MOTION TO DENY PLAINTIFFS' MOTION |
| 63 | | FOR CONTEMPT AND MOTION FOR MODIFICATION OF TEMPORARY RESTRAIN- |
| 64 | | OFER RELATING TO EMPLOYMENT ISSUES RAISED BY PLAINTIFFS CHAMBER- |
| 65 | | LAND AND SHOUPE ALL FILED. |
| 66 | 11/07/05 | PERSONAL SERVICE 10/31/05 TO ROBERT V. MANN OF SUBPOENA FILED. |
| 67 | 11/08/05 | PERSONAL SERVICE 11/04/05 TO TIM SHIRES FILED. |
| 68 | 11/09/05 | TRANSCRIPT OF MOTIONS FILED. |
| 69 | 11/16/05 | BY FAX, MOTION TO FOR PROTECTIVE ORDER AND TO QUASH, SUBPOENA, |
| 70 | | NOTICE OF DEPOSITION/LETTER FILED. |
| 71 | 11/17/05 | "HARD COPY" OF THE ABOVE-FAXED DOCUMENTS FILED. |
| 72 | 11/17/05 | RESPONSE TO MOTION FOR PROTECTIVE ORDER AND TO QUASH/LETTER |
| 73 | | FILED. |
| 74 | 11/18/05 | DEPONENT'S MOTION TO QUASH/LETTER FILED. |
| 75 | 11/18/05 | DOCKET SHEET FAXED TO LONNIE SIMMONS. |

IN THE CIRCUIT COURT OF MONROE COUNTY, WEST VIRGINIA

MOUNTAIN AMERICA LLC,
GREENTREE LLC, JONATHAN E.
HALPERIN, ROBERT CHAMBERLAND,
and LINDA SHOUPE,

          Plaintiffs,

v.

DANIEL BERG, AKA
DANIEL SCHONBERGER,

          Defendant.

```
┌─────────────────────────────┐
│        FILED IN             │
│       OCT 0 6 2005          │
│  MONROE COUNTY CIRCUIT      │
│ UNION, WEST VIRGINIA 24983  │
└─────────────────────────────┘
```

Civil Action No. _05-C-82_
The Honorable Robert A. Irons

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

The Plaintiffs' request for a Temporary Restraining Order supported by affidavit, pending

hearing on the Plaintiffs' motion for a preliminary injunction, is currently before the Court. It

appears to the Court that there is pending in the Circuit Court of Montgomery County, Maryland,

a civil action wherein the Plaintiffs to this action have sued the Defendant in this action for breach

of contract and fraud and are seeking at least fourteen million dollars in damages. It also appears

to the Court that the Defendant's alleged conduct and behavior is of such a sort as to give rise to

the concern that the Defendant's reaction to the filing of the Complaint in Maryland will likely

involve attempts by him to damage the Plaintiffs' business and property. It equally appears to the

Court that the consolidated motion contains serious allegations that the Defendant has previously

exhibited violent tendencies toward the Plaintiffs and third-parties, that he may harbor serious

animus against the Plaintiffs, and that he has allowed his temper to get the better with resultant

physical violence. It appears to the Court that should the Defendant engage in the type of conduct

alleged in the Complaint in response to the Maryland Complaint that irreparable harm is almost

Page 1 of 3

```
┌──────────────────────┐
│  ENTERED IN          │
│  CIVIL               │
│  No. 83.      483    │
│      [signature]     │
└──────────────────────┘
```

certain to occur to either the Plaintiffs or the Defendant, or perhaps both. The Court is unwilling

to run such a risk and therefore the Court dispenses with the requirements of West Virginia Trial

Court Rule 24.01 under Rule 24.01(b) and pursuant to West Virginia Rule of Civil Procedure

65(b) ORDERS that Defendant Daniel Berg, aka, Daniel Schonberger shall not for the duration

of this Temporary Restraining Order: 1) approach within 800 meters of the Mountain America

office located in Union, Monroe County, West Virginia; 2) approach within 800 meters any

boundary of the Mountain # 1 development, otherwise called the Walnut Springs Mountain

Reserve; 3) approach within 800 meters of any of the individual plaintiffs, or from make any

attempts to contact them for purposes of threatening, harassing, coercing, or intimidating the

individual plaintiffs; 4) write any negotiable instruments drawn on any account held by any of the

Plaintiffs or use any credit or debit card owned by any of the Plaintiffs; or, 5) operate any motor

vehicle owned by Mountain America, LLC, and/or Greentree, LLC, including a Mercedes G55

SUV and Dodge SVT 10 Viper pick-up truck.   .

     This Temporary Restraining Order will remain in effect no longer than ten days from entry

unless it is extended by this Court for good cause for an identical time or with the consent of the

Defendant for a longer time.

     The Plaintiffs are directed to secure a hearing date on the preliminary injunction phase of

this cause as soon as possible.

     The Sheriff is directed to immediately serve a certified copy of this Order on the

Defendant. *The matter is set for a preliminary injunction hearing at the Monroe County Courthouse on October 14, 2005 at 9:00 A.M.*

**TEMPORARY RESTRAINING ORDER GRANTED.**

ENTERED this ___6___ day of October _2005_ , 2005 at _1:43 P.M._

o'clock P.M.

Page 2 of 3

_(signature)_

Robert A. Irons
Judge, Circuit Court of Monroe County


Prepared by:


_(signature)_

Joanna I. Tabit (W. Va. Bar No. 3013)
Scott E. Johnson (W. Va. Bar No. 6335)
Steptoe & Johnson PLLC
Post Office Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180

Page 3 of 3

ORIGINAL

IN THE CIRCUIT COURT OF MONROE COUNTY, WEST VIRGINIA


MOUNTAIN AMERICA, L.L.C.,
GREENTREE, L.L.C., and JONATHAN
E. HALPERIN, ROBERT CHAMBERLAND,
and LINDA SHOUPE,


        Plaintiffs,

VS                           CIVIL ACTION NO. 05-C-82

DANIEL BERG, AKA,
DANIEL SCHONBERGER,

        Defendant.

```
FILED IN
OCT 06 2005
MONROE COUNTY CIRCUIT
UNION, WEST VIRGINIA 24983
```

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER


    Transcript of proceedings had in the telephonic hearing

of the above-styled action before Honorable Robert A. Irons,

Judge, as reported by Anne R. Owens, RPR, on October 6, 2005.


APPEARANCES


JOANNA I. TABIT, ATTORNEY AT LAW, COUNSEL FOR PLAINTIFFS

2

1       BE IT REMEMBERED that heretofore, to-wit, on Thursday,

2   October 6, 2005, in the hearing of the above-styled action,

3   there being present Joanna I. Tabit, Attorney at Law, Counsel

4   for Plaintiffs, the following proceedings were had:

5       THE COURT:  Ms. Tabit, we have the reporter here.  And so

6   I guess we'll go on the record.  This is a hearing scheduled on

7   short notice on a request for a temporary retraining order in a

8   case to be filed here in Monroe County styled Mountain American

9   L.L.C., Greentree, L.L.C., Jonathan E. Halperin, Robert

10  Chamberland, and Linda Shoupe, as Plaintiffs.  Daniel Berg, AKA

11  Daniel Schonberger, as Defendant.

12      I don't think you've actually filed it yet, have you?

13      MS. TABIT:  Judge, what we did, simultaneously, when we

14  faxed it to you, it was faxed to the Circuit Clerk's office.

15  We're following up with a hard copy as well.

16      THE COURT:  We don't have a civil action number anyhow.

17      And it's my understanding, Mr. Gregory, that you have

18  some interest in this?

19      MR. GREGORY:  I'm employed by Jonathan, one of the

20  Plaintiffs.

21      THE COURT:  Okay.  You just - you're here as an observer.

22  You're not an attorney?

23      MR. GREGORY:  No, sir.

24      THE COURT:  Okay.

1    MS. TABIT:  Your Honor, also with me here,

2    telephonically, is Scott Johnson, an attorney at Steptoe &

3    Johnson, and Mr. Halperin, one of the Plaintiffs in the case,

4    who was also the affiant who endorsed the affidavit which is

5    attached as an exhibit in support of our motion for a TRO.

6    THE COURT:  Okay.  And we also have the reporter and the

7    sheriff here.

8    And, Sheriff, I understand you went out earlier this

9    morning and attempted to serve a notice on Mr. Berg?

10    SHERIFF MANN:  Yes.

11    THE COURT:  And were unable to find Mr. Berg to serve

12    notice for today's hearing.

13    SHERIFF MANN:  We were not able to locate him.

14    THE COURT:  There's nobody in the courtroom?

15    SHERIFF MANN:  There's no one in the courtroom.

16    THE COURT:  Okay.  Well, Ms. Tabit, we'll be glad to hear

17    what you want.

18    MS. TABIT:  Judge, as you can see by our motion, we

19    represent Mountain American, Greentree, and the named

20    Plaintiffs in the case.  And those are the two corporations and

21    three members who are seeking the TRO against Mr. Berg, who's

22    also a member of both corporations.  Your Honor, as you know,

23    there has been a suit filed in Montgomery County, Maryland,

24    against Mr. Berg by the same parties.  And there will be a

1  lawsuit alleging breach of contract, fraud, and suing Mr. Berg

2  for fourteen million dollars.

3       Based on the Plaintiffs' previous experience regarding

4  Mr. Berg's past acts and behaviors, they have a reasonable

5  basis to believe that when he's actually served with this

6  Montgomery complaint, in reaction to the complaint, he may well

7  damage property, compromise businesses, but, most

8  significantly, endanger their personal safety.  And that's why

9  we're here before the Court today.

10      He has, within the last year, exhibited cycles of manic

11  behaviors and depression.  These behaviors have progressed,

12  have increased both in intensity and frequency.  And we have

13  cited various examples throughout our petition of his violence,

14  volatile, erratic behavior, engaging not only the Plaintiffs,

15  but other third parties as well.

16      And we've indicated within our motion, Judge, this

17  behavior has been personally witnessed by the Plaintiffs.  And

18  probably most significantly, Judge, there are allegations - and

19  that's been backed up and sworn to, frankly, by Mr. Halperin

20  that Mr. Berg has purchased a gun, many boxes of ammunition in

21  Charleston.  His roommate, Neil Welch, observed that he

22  purchased 15 to 20 guns, and that includes pistols, shotguns,

23  and high-powered rifles, one of which is a .308-caliber rifle,

24  and also estimating he saw him purchase about 2,500 rounds of

5

1   ammunition for that as well.  Most recently, Judge, I believe

2   it was Monday, Monday of this week, during a rant, Mr. Berg

3   said to one of the Plaintiffs, Robert Chamberland, while he was

4   on the mountain that he would destroy Mr. Halperin and take him

5   down, or words to that effect.

6        And based upon this behavior, Judge, which has also been

7   personally witnessed by the Plaintiffs in this case, we would

8   request the relief set forth in our petition.  And that is that

9   there be a TRO restraining him from the various activities that

10  we have mentioned, approaching within 800 meters of the

11  Mountain American office in Union, approaching within 800

12  meters any boundary of the Mountain No. 1 development,

13  approaching within 800 meters of any of the individual

14  Plaintiffs or from making attempts to contact them for purposes

15  of threatening, harassing, coercing, or intimidating them.

16       Judge, the purpose of that 800-meter request is that,

17  essentially, by virtue of the fact that that is the range that

18  one of the high-powered rifles can reach.  And it was our

19  concern that he needed to be at least that far away from any of

20  these persons so that he wouldn't be able to harm them.

21       Also, we are requesting that he be prohibited from

22  writing any negotiable instruments to be drawn on any account

23  held by any of the Plaintiffs or from using credit or debit

24  cards owned by them, and also from operating any motor vehicles

1    owned by Mountain America or Greentree.

2      We have also filed a memorandum of law, Judge, basically

3 setting forth the legal standard in West Virginia, most

4 particularly in the Camden-Clark case. And as we set forth

5 those particular prerequisites, of course, as required, we

6 believe each one of these is met in this particular case,

7 particularly with respect to the likelihood of irreparable harm

8 to the Plaintiffs if the relief isn't granted.

9      THE COURT: Okay. Anything else?

10      MS. TABIT: Of course, Judge, if you have questions, I'll

11 be happy to answer those.

12      THE COURT: I don't have any questions at this point.

13      I'll go ahead and grant your request for the temporary

14 restraining order. We need to set the matter for a hearing on

15 a preliminary injunction. Do you anticipate being able to give

16 notice to Mr. Berg? I mean, is he likely to be available? Is

17 he going to disappear or --

18      ~~MS. TABIT: Judge, we don't know where he is.~~

19 Mr. Gregory may be in a better position to answer that. It is

20 my understanding from conversation that I had had with one of

21 the clients earlier today that he communicated that federal

22 marshals were looking for him, and he was fleeing to Beckley.

23 1 don't know if he's there or plans to stay there.

24      THE COURT: Mr. Gregory, do you have any knowledge of his

1   whereabouts?

2       MR. GREGORY:  I, at the moment, have no knowledge, except

3   he was headed to Beckley.  We believe, however, Your Honor,

4   that if we - if we were given three or four -- five days that

5   we'd certainly locate him, have him served.  We do have people

6   in contact with him who would be able to let us know where he

7   is.

8       THE COURT:  Well, what I would suggest that we, you

9   know - need to build a little bit of time to find him, give him

10  notice.  I would suggest we set it for hearing on a preliminary

11  injunction next Friday, the 14th.

12      Would that suit your schedule, Ms. Tabit?

13      MS. TABIT:  I'm checking right now, Judge.  It will.

14      THE COURT:  So, say, what time, 9:00?

15      MS. TABIT:  That's fine, Your Honor.

16      THE COURT:  Okay.  All right.  We'll set it down then.

17  I'll go ahead and enter the order.  And you've made

18  arrangements to pay the filing fees, I take it or --

19      MS. TABIT:  Yes, Your Honor.  We'll take care of that.

20      THE COURT:  Okay.  I'll take it back to the clerk's

21  office here in a minute.  And I'll enter -- you sent me an

22  order, I think?

23      MS. TABIT:  We did, Judge.

24      THE COURT:  I'll sign your order.  And we'll set it

1   for -- is there a blank here for the hearing date?

2        MS. TABIT:  I don't think there is, Judge.  But,

3   certainly, if you want to write it on there, that's fine.

4        THE COURT:  Yeah.  I'll just write that in.  Now I guess

5   the only other question is, what about bond?  Do you have any

6   thoughts on the bond?

7        MS. TABIT:  I did not consider that, Judge.  But,

8   certainly, you know, that's a matter in your discretion.

9        THE COURT:  I'm not going to require a bond right now,

10  based on the representation Mr. Berg may not be available, may

11  have fled the jurisdiction.  I'll reserve the right to require

12  a, you know - a bond at some point in the future, after we've

13  heard from Mr. Berg.  I'm not going to require a bond at this

14  point.

15       Is there anything further?

16       MS. TABIT:  No, Your Honor.

17       THE COURT:  Okay.  Well, I'll take your order back there.

18       And, Mr. Gregory, you can pick up a copy.

19       MR. GREGORY:  That would be fine.

20       THE COURT:  Mr. Gregory will pick up a copy here in a few

21  minutes.

22       Do you want me to fax you a copy, Ms. Tabit, after it's

23  filed?

24       MS. TABIT:  Please, Judge, if that wouldn't be too much

1 trouble.

2     THE COURT: And I think - got your fax number on the

3 cover sheet. So we'll be sending it through to you here in a

4 few minutes.

5     MS. TABIT: Thank you, Your Honor. Thank you very much

6 for accommodating us with the quickness of this particular

7 hearing.

8     THE COURT: Okay. If there's nothing else, we'll close

9 the record, get off here then.

10     MS. TABIT: Thank you.

11                                 * * * *

12

13

14

15

16

17

18

19

20

21

22

23

24

STATE OF WEST VIRGINIA,

COUNTY OF MONROE, to-wit:


I, Anne R. Owens, RPR, Official Court Reporter of the
Circuit Court of Monroe County, West Virginia, do hereby
certify that the foregoing is a true and correct transcript of
the proceedings had and testimony taken in the hearing of the
action of 05-C-82, as reported by me in Stenotype shorthand.

I hereby further certify that the transcript within meets
the requirements of the Code of the State of West Virginia,
51-7-4, and all rules pertaining thereto as promulgated by the
Supreme Court of Appeals.

Given under my hand this 6th day of October, 2005.




Anne R. Owens, RPR
Circuit Court of Monroe County

OFFICE OF THE CIRCUIT CLERK                    Receipt #:   219250
Monroe
ᴸ  BOX 350
UNION, WV  24983·0350                   Date Received: 10/06/05

Received From: RON GREGORY                              145.00

                                MOUNTAIN AMERICA, LLC, ET ALS
              Style of Case          vs.
                                DANIEL BERG, AKA DANIEL SCHONBERGER

                                   Case #: 05-C-82

In Payment of FILING FEE
By Cash


                            Julia Light
                      Clerk of the Circuit Court

                 By _____

IN THE CIRCUIT COURT OF MONROE COUNTY, WEST VIRGINIA

MOUNTAIN AMERICA LLC,                                    **SUMMONS**
GREENTREE LLC, JONATHAN E.
HALPERIN, ROBERT CHAMBERLAND,
and LINDA SHOUPE,

                  Plaintiffs,

v.                                             Civil Action No. _____
                                               The Honorable Robert A. Irons

DANIEL BERG, AKA
DANIEL SCHONBERGER,

                  Defendant.

### SUMMONS

**TO THE SHERIFF OF MONROE COUNTY**

**IN THE NAME OF THE STATE OF WEST VIRGINIA**

Proper application for this summons having been made, we command that you summons

Daniel Berg, 15 Deerfield Place, Lewisberg, WV 24901, if he be found in your bailiwick, to appear

before The Honorable Robert A. Irons of the Circuit Court of Monroe County, West Virginia,

Monroe County Courthouse, Union, West Virginia on the 6th day of October at 1:30 p.m. for hearing

on the Plaintiffs' Consolidated Motion for Temporary Restraining Order and Injunction.

Dated: _____    _____

IN THE CIRCUIT COURT OF MONROE COUNTY, WEST VIRGINIA

MOUNTAIN AMERICA LLC,
GREENTREE LLC, JONATHAN E.
HALPERIN, ROBERT CHAMBERLAND,
and LINDA SHOUPE,

        Plaintiffs,

v.

                                        Civil Action No. _____
                                        The Honorable Robert A. Irons

DANIEL BERG, AKA
DANIEL SCHONBERGER,

        Defendant.

## NOTICE OF HEARING ON MOTION FOR
## TEMPORARY RESTRAINING ORDER AND INJUNCTION

To:    Daniel Berg
        15 Deerfield Place
        Lewisburg, WV 24901

        Please take notice that the undersigned counsel will bring the attached Motion for Temporary Restraining Order and Injunction on for a telephonic hearing (304-372-3459) before the Honorable Robert A. Irons, Judge for the Circuit Court of Monroe County, West Virginia on October 6, at 1:30 p.m. or as soon thereafter as counsel may be heard.

DATED: _October 6, 2005_____

                                            _Joanna A. Tabit_

STEPTOE & JOHNSON                 Joanna I. Tabit (W. Va. Bar No. 3013)
    Of Counsel                    Scott E. Johnson (W. Va. Bar No. 6335)
                                   Post Office Box 1588
                                   Charleston, WV 25326-1588
                                   Telephone (304) 353-8000
                                   Facsimile (304) 353-8180

## IN THE CIRCUIT COURT OF MONROE COUNTY, WEST VIRGINIA

MOUNTAIN AMERICA LLC,
GREENTREE LLC, JONATHAN E.
HALPERIN, ROBERT CHAMBERLAND,
and LINDA SHOUPE,

               Plaintiffs,

v.                                   Civil Action No. _____
                                   The Honorable Robert A. Irons

DANIEL BERG, AKA
DANIEL SCHONBERGER,

               Defendant.

## CONSOLIDATED MOTION FOR
## TEMPORARY RESTRAINING ORDER AND INJUNCTION

Come now the Plaintiffs, by counsel, Joanna I. Tabit and Scott E. Johnson, and

Steptoe & Johnson, PLLC, and respectfully request that this Court act pursuant to West

Virginia Rule of Civil Procedure 65 and West Virginia Code §§ 53-53-3-1 to -13 and issue a

Temporary Restraining Order followed by a preliminary injunction and, ultimately, a

permanent injunction against the Defendant, in support of which the Plaintiffs say:

     1.     Mountain America LLC is a Maryland Corporation doing business in West

Virginia having two members:   Jonathan E. Halperin and Daniel Berg, aka Daniel

Schonberger.

     2.     Greentree LLC is a West Virginia Corporation comprised of four members:

Jonathan E. Halperin, Robert Chamberland, Linda Shoupe, and Daniel Berg.

     3.     Jonathan E. Halperin is a resident of the District of Columbia and is Chief

Executive Officer and managing member of both Mountain America and Greentree and

frequently travels to Monroe County, and other counties in West Virginia, on business.

4.    Robert Chamberland is a West Virginia resident, resides in Monroe County, and is a member of Greentree as well as being a member and operations manager of Mountain America.

5.    Linda Shoupe is a West Virginia resident, resides in Monroe County, and is a member and office manager of Mountain America as well as being a member of Greentree.

6.    Daniel Berg, aka Daniel Schonberger, is a West Virginia resident and, until now, was a member and Chief Operating Officer of Greentree and Mountain America.

7.    The corporations maintain an office in Union, Monroe County, West Virginia.

8.    Mountain America owes property located just outside of Union, in Monroe County, West Virginia, called Mountain #1 development or otherwise, the Walnut Springs Mountain Reserve.

9.    The Plaintiffs in this Motion are also Plaintiffs in a suit they filed against Daniel Berg in the Circuit Court of Montgomery County, Maryland on October 4, 2005, a copy of which is attached hereto as Exhibit 1.

10.  ·  The Maryland Complaint accuses Berg of breach of contract and fraud and seeks at least $14,000,000.00 in damages.

11.    Based upon their experience of Berg's past acts and behaviors, the Plaintiffs have a reasonable basis to fear that Berg will, in reaction to the Maryland Complaint, damage not only their property, and compromise the well-being of their business, but will endanger their personal safety as well.

12.    Berg's behavior in the past year has been marked by cycles of severe mania (elation or irritability) and severe depression with such cycling becoming more frequent and intense.

2

13.   Berg has stated that as a result of improper prescriptions of drugs, he entered a drug-induced psychosis and was institutionalized at "The Meadows" treatment facility in Arizona for several months to regain his mental health.

14.   Berg has admitted that he suffers from rage and anger control deficits.

15.   Berg will ramble incoherently to himself and to others and will grow agitated when other people do not understand what he is trying to say.

16.   On one occasion, while Berg was inspecting a house under construction, he directed the workers to cut holes in the walls for windows–even though there were clearly already window holes in the walls.

17.   While entertaining a prospective client who had funds in hand and was fairly convinced to purchase property, and who could have motivated other investors to invest, Berg became irritated and engaged in a loud rant in front of the prospective client attacking Jonathan Halperin and Halperin's girlfriend by impugning her virtue and integrity. Later that evening, Berg again verbally attacked Halperin's girlfriend in front of the prospective client. Berg also deprecated the property for sale, told the prospective client that the company was going under, and advised the prospective client not to purchase it.

18.   In the fall of 2004, Berg impermissibly used Mountain America corporate funds in the form of a $1,939.80 check to purchase a gun and many boxes of ammunition from Charleston, West Virginia gun dealer Chuck Boogs.

19.   Berg's roommate has personally observed that Berg possesses 15 to 20 guns ranging from pistols, to shotguns, to high powered rifles, including one of .308 caliber. Berg's roommate has observed Berg's possession of boxes of ammunition that he estimates contain 2,500 rounds.

3

20.    In the Spring of 2005, Berg was at the corporate office having a telephone conversation with Verizon employees during which he became enraged and shouted out loud, "Why can't we just shoot them all?" or words to that effect.

21.    Verizon security personnel called the corporate office back and threatened to press charges against Berg. Berg again became irritated and replied in a loud, vulgar, and vitriolic rage.

22.    In the fall of 2005, Linda Shoupe was in the office one weekend with a potential client. Linda Shoupe was responsible for drafting a sales contract, which had to be signed by Berg. Shoupe telephoned Berg requesting he come to the office to sign the contract. Berg said he could not make it. Berg called back saying he could come in, but then became enraged at Shoupe for explaining the contract to the buyer, alleging she was trying to illegally usurp his responsibility. When Berg finally arrived at the office, his demeanor had completely changed and his anger had completely subsided.

23.    On October 3, 2005, during an incoherent rant, Berg said to Halperin that he would "destroy" him and would "take him" down.

24.    Berg was involved in a minor automobile accident and after getting out of his car confronted the other vehicle's driver, hurling vulgarities and insults at her. Yet it was he who had struck the other vehicle. When Berg was subsequently confronted by the driver's brother about his (Berg's) conduct, Berg characteristically responded in a vitriolic and vulgar rage.

25.    Berg's conduct has frightened the janitor at the office who refuses to work unless Linda Shoupe is present in the office.

4

26.     When Berg was moving from a house owned by Dr. Tim Pence, D.C., Berg became enraged when Pence confronted him with his concern that Berg's bull mastiff had soiled the house. Berg physically grabbed Pence and threw him out the door.

27.     Without issuance of a Temporary Restraining Order and injunction the Plaintiffs face immediate and irreparable injury, loss, or damage to their business, property, and personal safety.

28.     The Plaintiffs will post an injunction bond in such sum as the Court in its discretion deems proper.

WHEREFORE, the Plaintiffs respectfully request this Court to:

29.     Immediately issue a Temporary Restraining Order restraining Defendant Daniel Berg, aka, Daniel Schonberger from

  a.   approaching within 800 meters of the Mountain America office located in Union, Monroe County, West Virginia;

  b.   approaching within 800 meters any boundary of the Mountain # 1 development, otherwise called the Walnut Springs Mountain Reserve;

  c.   approaching within 800 meters of any of the individual plaintiffs, or from making any attempts to contact them for purposes of threatening, harassing, coercing, or intimidating the individual plaintiffs;

5

    d.    from writing any negotiable instruments to be drawn on any account held by any of the Plaintiffs or using any credit or debit card owned by any of the Plaintiffs; and

    e.    operating any motor vehicle owned by Mountain America, LLC, and/or Greentree, LLC, including a Mercedes G55 SUV and Dodge SVT 10 Viper pick-up truck.

30.    After appropriate hearings issue preliminary and permanent injunctions enjoining Defendant Daniel Berg, aka, Daniel Schonberger from

    a.    approaching within 800 meters of the Mountain America office located in Union, Monroe County, West Virginia;

    b.    approaching within 800 meters any boundary of the Mountain # 1 development, otherwise called the Walnut Springs Mountain Reserve;

    c.    approaching within 800 meters of any of the individual plaintiffs, or from making any attempts to contact them for purposes of threatening, harassing, coercing, or intimidating the individual plaintiffs;

    d.    from writing any negotiable instruments to be drawn on any account held by any of the Plaintiffs or using any credit or debit card owned by any of the Plaintiffs; and

    e.    operating any motor vehicle owned by Mountain America, LLC, and/or Greentree, LLC, including a Mercedes G55 SUV and Dodge SVT 10 Viper pick-up truck.

6

31.    Grant the Plaintiffs any and all other relief to which they may be entitled.


DATED: _*October 6, 2005*_


                                        **MOUNTAIN AMERICA LLC,
                                        GREENTREE LLC, JONATHAN E.
                                        HALPERIN, ROBERT
                                        CHAMBERLAND and LINDA
                                        SHOUPE**


                                        _Joanna I. Tabit_
                                        Joanna I. Tabit (W. Va. Bar No. 3013)
STEPTOE & JOHNSON                       Scott E. Johnson (W. Va. Bar No. 6335)
    Of Counsel                          Post Office Box 1588
                                        Charleston, WV 25326-1588
                                        Telephone (304) 353-8000
                                        Facsimile (304) 353-8180

7

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, MARYLAND

MOUNTAIN AMERICA LLC                    :
5009 MacArthur Court NW
Washington, DC 20016                    :
    A Maryland Limited Liability
    Corporation
    and                                :

GREENTREE LLC                           :
5009 MacArthur Court NW
Washington, DC 20016                    :
    A West Virginia Limited Liability
    Corporation

    and                                :

JONATHAN E. HALPERIN                    :
5009 MacArthur Court NW
Washington, DC 20016                    :
    Individually and as a Member of
    Mountain America LLC and
    Greentree LLC
    and                                :

ROBERT CHAMBERLAND                      :
P.O. Box 91
Union, WV 24983                         :
    Individually and as a Member of
    Greentree LLC
    and                                :

LINDA SHOUPE      — 661.2380 :
P.O. Box 91
Union, WV 24983                         :
    Individually and as a Member of
    Greentree LLC
    Plaintiffs,                        :

RECEIVED

OCT 0 4 2005

Clerk of the Circuit Court
Montgomery County, Md.

Civil Action No. _____

Nuil
304.661.3775

v.                                      :



DANIEL BERG, AKA DANIEL   :
SCHONBERGER
15 Deerfield Place      :
Lewisburg, WV 24901
   Individually and as a Member of
   Mountain America LLC and
   Greentree LLC
           :

    Defendant.
            :

## COMPLAINT

Plaintiffs Mountain America LLC, a Maryland LLC, and Greentree LLC, a West

Virginia LLC, and Jonathan E. Halperin, Individually and as a Member of Mountain

America, LLC and Greentree LLC, and Robert Chamberland, Individually and as a

Member of Greentree LLC, and Linda Shoupe, Individually and as a Member of

Greentree LLC (collectively, "Plaintiffs"), by and through their attorneys, James K.

Archibald and J. Douglas Baldridge with Venable, LLP, sue Defendant Daniel Berg, aka

Daniel Schonberger, referenced hereafter as "Defendant Berg" or "Defendant Daniel

Berg".

## SUMMARY OF COMPLAINT AND CAUSES OF ACTION

This case involves claims by two limited liability corporations and three of their

members against a defendant, Daniel Berg, who was the promoter of the ventures and

who is a member of both corporations. The corporations and their members – all of

whom are parties to this suit—are engaged in real estate development. Defendant Berg,

however, became involved in personal enrichment at the expense of the corporations and

the other members. He did so by means of fraud and self-dealing and attempted

2

usurpation of corporate opportunity, brazenly looting corporate funds of Mountain America LLC ( and potentially Greentree LLC as well) and using them for personal rather than corporate purposes. In addition, defendant Berg recklessly refused to participate in the closing of a multi-million dollar real estate transaction that he had earlier supported and agreed to -- all in an effort to renegotiate the terms of his compensation—thereby causing great damage to the corporation and its other member, Plaintiff Jonathan Halperin.

The Complaint sets out four separate causes of action. Count I is a claim by Plaintiff Halperin for breach of contract, namely, the Mountain America LLC Operating Agreement between Plaintiff Halperin and Defendant Berg. Count II is a claim by Plaintiff Halperin for fraud. It details the extensive looting by Defendant Berg of funds belonging to Plaintiff Halperin and to Mountain America LLC and the use by Berg of those funds for personal purposes. Count III is a claim by Plaintiff Mountain America LLC and Plaintiff Halperin for an accounting. Simply put, Defendant Berg had fiduciary duties to Plaintiff Mountain America LLC and to Plaintiff Halperin to account for and use the funds of those Plaintiffs solely for corporate purposes in connection with the business and operations of Mountain America LLC. He flagrantly breached those duties, however, by fraudulently using and diverting those funds for personal purposes. Defendant Berg is compelled by law to account for these funds and he has failed to do so. Count IV is a similar claim by Plaintiffs Greentree LLC, Jonathan Halperin, Robert Chamberland and Linda Shoupe and for a similar accounting from Defendant Berg with respect to the funds of Greentree LLC. In light of the conduct of Defendant Berg with

respect to Mountain America LLC, it is highly appropriate that a similar accounting be provided by him with respect to Greentree LLC.

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over the matters set forth in this Complaint pursuant to Section 1-501 of the Courts and Judicial Proceedings Article of the Maryland Code.

2.  Venue for this action lies in Montgomery County pursuant to Sections 6-201 and 6-202(11) of the Courts and Judicial Proceedings Article. This is, among other things, an action for damages against Defendant Berg, who is a non-resident individual. Although a non-resident individual, Defendant Berg has carried on a regular business in Montgomery County and has habitually engaged in a vocation in Montgomery County through and by means of his repeated and regular contacts and communications with the tax advisor and Certified Public Accountant of Mountain America LLC and Greentree LLC, whose offices are located in Rockville, Maryland and through and by means of his regular contacts and communications with the tax attorney and Section 1035 exchanger for Mountain America LLC, whose offices are also located in Rockville, Maryland and through and by means of his communications with at the Rockville, Maryland branch of United Bank, which maintained substantial funds in a 1031 account specifically designated for Mountain America, most of which was intended for the purchase of an approximately 943 acre tract of land, referred to in this suit as the "Blue Mountain property" or the "Keeler property", in Alderson, West Virginia, pursuant to a land sales contract between Mountain America, LLC, the buyer, and Stephen L. and Jodi Keeler, sellers—a contract that is central to the claims in this case.

4

## PARTIES

3.      Plaintiff Mountain America LLC is a limited liability company incorporated in Maryland and doing business in the State of Maryland and elsewhere. Mountain America LLC is comprised of two members, Plaintiff Jonathan E. Halperin and Defendant Daniel Berg.

4.      Plaintiff Greentree LLC is a limited liability company incorporated in West Virginia and doing business in various locations. Greentree LLC is comprised of four Members: Plaintiff Jonathan E. Halperin, Plaintiff Robert Chamberland, Plaintiff Linda Shoupe, and Defendant Daniel Berg. Jonathan Halperin is the CEO of Greentree, LLC and, until now, Defendant Berg has served as its Chief Operating Officer.

5.      Plaintiff Jonathan E. Halperin is a resident and citizen of the District of Columbia. Plaintiff Halperin is the Chief Executive Officer ("CEO") and Managing Member of Mountain America LLC, and Greentree, LLC, and is empowered with the right of financial control over each of these entities pursuant to the Operating Agreements of each LLC.

6.      Plaintiff Robert Chamberland is a resident and citizen of West Virginia. Plaintiff Chamberland is the Operations Manager of Mountain America LLC. Plaintiff Chamberland is also a Member of Greentree LLC.

7.      Plaintiff Linda Shoupe is a resident and citizen of West Virginia. Plaintiff Shoupe is the Office Manager of Mountain America LLC. Plaintiff Shoupe is also a Member of Greentree LLC.

8.    Defendant Daniel Berg, aka Daniel Schonberger, is a resident and citizen of the State of West Virginia. He is a member of Mountain America LLC, and Greentree, LLC, and has served as the Chief Operating Officer of these entities until now. Jurisdiction over his person exists as to this case pursuant to Section 6-103 of the Courts and Judicial Proceedings Article since Defendant Berg, as noted throughout this Complaint, has transacted business or performed work or services in Maryland through his membership in Mountain America LLC and through his repeated and regular contacts with its Maryland accountants and lawyers who are located in Rockville and since Defendant Berg has caused tortious injury in Maryland (that is, to the Maryland LLC of which he is a member) by acts and omissions outside Maryland while regularly doing business or engaging in a regular course of conduct in Maryland.

### Allegations Pertinent to All Counts

9.    Defendant Berg is Plaintiff Halperin's half-brother's step-brother. Although Plaintiff Halperin had contact with Defendant Berg during childhood, he thereafter had no contact with Defendant Berg for many years.

10.    In the Winter of 2003, Defendant Berg was in contact with Richard Goldberg, Plaintiff Halperin's half-brother, and it was that contact that eventually led to the business relationship between Plaintiff Halperin and Defendant Berg that is at issue in this lawsuit.  The genesis of the business relationship was Defendant Berg's interest in obtaining an investor or investors in land development projects.  To that end, Berg told Goldberg that he had  spent the last year driving around in his motor coach looking for

6

the perfect land to develop and asked Goldberg if he knew of anyone with substantial amounts of funds who might be interested in investing in land development. Goldberg identified his half-brother, Plaintiff Jonathan Halperin, to Berg as a possible investor.

11. Defendant Berg visited Halperin in the late Winter or early Spring of 2004 at Halperin's home in the District of Columbia, told him of his plan to find mountain property, and sought to convince Halperin to invest in the development of the right piece of land, should he find it.

12. In the early Spring of 2004, Defendant Berg called Halperin to tell him that he had found the "perfect" piece of property for development of a planned mountain community. Defendant Berg simultaneously invited approximately ten investors to view this property but only three attended. Berg also hosted a dinner at a restaurant in Lewisburg in an attempt to lure investment capital. Defendant Berg showed the property (a 447 acre tract of land in Monroe County and contiguous tracts of 40 acres and 147 acres) to the investors. Only Plaintiff Halperin was potentially willing to invest in these combined tracts, which ultimately became the original project of Plaintiff Mountain America LLC.

13. Defendant Berg was not creditworthy at that time nor has he been creditworthy since, having only approximately $65,000.00 in liquid funds and no available credit whatsoever.

14. In seeking to entice Plaintiff Halperin to invest, Defendant Berg knowingly misrepresented to Plaintiff Halperin the extent and nature of his prior land development activities. Although Defendant Berg repeatedly told Halperin he had many

7

prior written land development joint venture and partnership agreements, he never made one available for Halperin's review.

15.   Instead, in late July or early August, 2004 he presented to Plaintiff Halperin, and induced Plaintiff Halperin to enter into, a Provisional Operating Agreement for a land development venture through the vehicle of a Maryland limited liability corporation to be known as "Mountain America, LLC." A copy of the said Agreement is attached as Exhibit 1 to this Complaint and incorporated by reference.

16.   To that end, Mountain America, LLC, a Maryland limited liability company with Plaintiff Halperin and Defendant Berg as its two members, was created in July of 2004, using the services of Bruce Toone, a CPA located in Rockville, Maryland whom the Exhibit 1 Operating Agreement specified would be the CPA for the entity. Although the Exhibit 1 Provisional Operating agreement contemplated addenda and a finalized operating agreement, no such addenda or finalized operating agreement has been created or entered into.

17.   As noted above, the original Mountain America LLC project involved the purchase and development of contiguous tracts of real estate totaling approximately 650 acres. At the behest of Defendant Berg, Plaintiff Halperin funded, financed, guaranteed and otherwise provided security for virtually all of the hundreds of thousands of dollars required to purchase the tracts for that original project and necessary for the funding of the original operating budget.

18.   In the several months following the August, 2004 closing on the original project, as Halperin and Berg had further interactions about business and personal affairs, Defendant Berg eventually revealed to Halperin the existence of an illness that Berg

8

asserted had led to his bankruptcy and other business losses. Berg claimed in this regard that his doctors improperly prescribed him first pain medication, including opiods, for an alleged pain problem due to a motorcycle accident, then benzodiazepines for stress related to his business, and then amphetamines for stamina. Defendant Berg further claimed that as a result of the alleged mismanagement of his physical and mental health by his physicians, he ultimately regressed into a drug-induced psychosis, became institutionalized and then lost his business. Defendant Berg told Halperin that he had been institutionalized in "The Meadows" in Arizona for several months, asserting that he had there regained his mental health.

19.     In fact, as noted later, Plaintiff Halperin has very recently learned that – regardless of Defendant Berg's mental health – Defendant Berg has been engaged in a systematic siphoning off of Plaintiff Mountain America corporate funds for personal purposes wholly unrelated to the operation of Mountain America and has otherwise acted to the very substantial detriment of Plaintiffs Mountain America and Jonathan Halperin and for his own attempted personal gain.

20.     In any event, in contrast to Defendant Berg's operational responsibilities which he has grossly mismanaged, Plaintiff Halperin has fulfilled completely all of his responsibilities under the Exhibit 1 Mountain America LLC Operating Agreement. Specifically, under the Paragraph 34 terms of the Exhibit 1 Operating Agreement, Plaintiff Halperin's "responsibilities [were] to secure and provide funding or investors funding for [the] project and for mutually acceptable future projects." He met those responsibilities in full. Indeed, the original project, as a result of Plaintiff Halperin's extraordinary achievements, has been extraordinarily successful.

9

21.     In the late Spring and early Summer of 2005 Defendant Berg and Plaintiff Halperin began to explore the next future project for Mountain America LLC. To that end, they discussed and, after due diligence and a feasibility analysis, agreed upon the acquisition by Mountain America LLC of a 943 acre tract of land in Alderson, Greenbrier County, West Virginia, referred to hereafter as the Keeler property or the Blue Mountain property. In early June of 2005, therefore, Mountain America LLC submitted an offer to purchase the property. A copy of that offer is attached as Exhibit 2 and incorporated by reference.

22.     Thereafter, on July 7, 2005 Plaintiff Mountain America LLC, upon the mutual consent and agreement of its two members, Plaintiff Halperin and Defendant Berg, entered into a binding contract to purchase, for the sum of Two Million Three Hundred Thousand ($2,300,000) Dollars, the 943 acres known as the Keeler property situated in Greenbrier County, West Virginia for the purpose of having Mountain America LLC embark on the new development project. A copy of the contract (known as the Keeler contract), with subsequent addenda, is attached collectively as Exhibit 3 and incorporated by reference. The contract provided for a period of further due diligence (to July 22, 2005) at the end of which time Mountain America LLC was required to accept or reject the property. Mountain America LLC accepted the property as specified. Closing under the contract was to occur by on or before August 22, 2005.

23.     During the title search of the property, however, a cloud on the title was unearthed, which caused a delay in the closing. A dispute then arose regarding reasonable pre-closing access, which further delayed the closing until at least mid-

10

September. Eventually, a final and unconditional date and time of October 4, 2005 at 1:00 pm was set for the closing.

24. During the early part of the period after the contract was entered into (i.e., in July and August, 2005), Berg prepared projections in the form of spreadsheets which demonstrated that developing "Blue Mountain" conservatively would generate $27 million dollars or more in profits within twenty four to thirty months.

25. Upon completing these projections, Berg became dissatisfied with his share of the profits that he would receive under the Mountain America Operating Agreement. As a result, he designed -- and began to attempt to implement-- a plan to usurp Mountain America's corporate opportunity for himself and to wrest control of not only the "Blue Mountain" project, but also of Mountain America project, from Plaintiff Halperin.

26. To this end, unbeknownst to Halperin, in September of 2005, Berg surreptitiously set up a new entity – a Wyoming LLC, Intermountain Investments, Inc., LLC. Berg used Halperin's American Express card without Halperin's knowledge to create this entity. Berg also asked Plaintiff Shoupe, the Mountain America Office Manager, to charge Halperin's American Express card for a West Virginia business license for this LLC. Berg demanded that Shoupe not tell Halperin of the creation of this entity. However, after several days, Shoupe felt compelled to report to Halperin Berg's disloyal conduct and to further reveal the details of certain of Berg's other prior corporate misdeeds -- some of which are described in detail later in this Complaint. Berg also attempted, early in the week of September 26, 2005 to surreptitiously set up a single signature corporate bank account in the name of Intermountain Investments, LLC, a

11

Wyoming LLC at BB&T in Lewisburg, WV, but was unable to do so as he did not have all of the necessary paperwork. Later in the week, after ordering Shoupe to assist him with obtaining the necessary documentation he then went to Mountain America's lender and created a single signature bank account in the name of the Wyoming LLC in which he was the manager and sole member. Berg forbade Shoupe from telling Halperin about this conduct, but Shoupe did not withhold this information from Halperin and felt compelled to inform Halperin about it. Berg also had directed the closing attorney, and lender, unbeknownst to Halperin, that the property would be closed into this Wyoming, LLC over which Berg would have full control. When a vice president of Mountain America's lender learned that Halperin had not been consulted in this decision, he expressed his extreme discomfort with the arrangements Berg had attempted to make and immediately changed the loan documentation to reflect Mountain America, LLC as the purchaser. So, too, did the closing attorney.

27.    Defendant Berg deliberately sought to usurp, through the creation of the surreptitious Wyoming LLC, a very valuable corporate opportunity of Mountain America by stating to Halperin that unless Halperin acquiesced to his plan to create a separate LLC in which Berg would own the majority of the profits and shares, Berg would either not go forward with the deal or would develop "Blue Mountain" on his own. These demands were made not only to Mr. Halperin, but also in the presence of corporate counsel retained by Mountain America to assist the members in certain revisions of the

Exhibit 1 Operating Agreement that Berg had simultaneously demanded.

12